AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 2:23-mj-56
Cellular Telephone Assigned Call Number 614-625-8988 )
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*  See Attachment A

located in the ___Southern___ District of ___Ohio___ , there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | 18 U.S.C. § 922(g)(1) |
| 18 U.S.C. § 922(g)(1), 924(g)1 | SVR Violation based on an original charge of Unlawful Possession of Firearm |

The application is based on these facts:

See attached Affidavit

- ☐ Continued on the attached sheet.
- ☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

DUSM Youngless, Jr.
*Printed name and title*

Sworn to before me and signed in my presence.

Date: January 31, 2023

City and state: Columbus, OH

Kimberly A. Jolson
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER **614-625-8988** | Case No. 2:22-mj-56<br><br>**Filed Under Seal** |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, DUSM Youngless, Jr., being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. Your affiant, DAVID A. YOUNGLESS, JR., a law enforcement officer with the US MARSHALS SERVICE, being duly sworn, swears and affirms under penalties for perjury that the following statements are true and accurate to the best of my knowledge:

2. I am a Deputy Marshal with the U.S. Marshal Service. I have been a law enforcement officer since July 2011. I am a "law enforcement officer" as that term is defined in O.R.C. 2901.01(A)(11).

3. I am currently assigned as a Deputy U.S. Marshal to the Southern Ohio Fugitive Apprehension Strike Team of the U.S. Marshal Service and have been so assigned since November 2019. In connection with my official duties, I am involved in investigations relating to violations of federal and state laws.

4. I have received training relating to enforcement of federal and state laws, and special training pertaining to fugitive apprehension. My training includes the following:

5. My initial training at the Federal Law Enforcement Training Center from March 2011 – July 2011.

6. I have attended annual In-Service trainings throughout my career.

7. I have attended training provided by the USMS on fugitive investigations and apprehension techniques. That training included the use of social media accounts to track and apprehend fugitives from justice.

8. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

9. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm) and a Supervised Release Violation based on an original charge of Unlawful Possession of a Firearm (18 U.S.C. § 922(g)(1) and 924(a)(2)) have been committed and are being committed by PETTY. There is also probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations.

10. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, see 18 U.S.C. § 2711(3)(A)(i).

**PROBABLE CAUSE**

*Pertinent Procedural History*

11. On January 12, 2023, a criminal complaint was filed in Chillicothe Municipal Court and the defendant was charged with Count 1: Abduction, Felony of the third degree, Count 2: Abduction, Felony of the third degree, Count 3: Weapon Under Disability, Felony of the third degree (2023CR99), Assault, Misdemeanor of the first degree (2023CRB100).

12. On January 23, 2023, PETTY was charged by way of a criminal complaint with Felon in Possession of a Firearm.

13. On January 24, 2023, PETTY was charged with a Supervised Release Violation on an original charge of Unlawful Possession of a Firearm. PETTY violated (2) Mandatory Conditions for his supervision: Mandatory Condition No. 1 (The defendant must not commit another federal, state, or local crime) and Standard Condition No. 10 (The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon).

14. On January 25, 2023, Federal Probation Officer Moore last had contact with PETTY on this number.

15. On January 26, 2023, PETTY called DUSM Youngless with a voice over internet provider (VOIP) number (220-710-7920). This VOIP disguises the caller's originating/true phone number. Caller

2

identified himself as Robert PETTY and stated he would self-surrender to the USMS at the U.S. District Court for the Southern District of Ohio by 12pm on 01/27/23.

16. On January 27, 2023, at approximately 12:25pm, DUSM Youngless called PETTY on the VOIP number and left a voice mail inquiring why PETTY has not self-surrendered. At approximately 1:24pm, PETTY called DUSM Youngless back and advised he would self-surrender later this day after speaking to his legal team. As of the time of this phone order, PETTY has yet to self-surrender.

17. In my training and experience, I have learned that T-Mobile is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

18. Based on my training and experience, I know that T-Mobile can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile's network or with such other reference points as may be reasonably available.

3

19. Based on my training and experience, I know that T-Mobile can collect cell-site data about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as T-Mobile typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

20. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

21. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic

information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

22. I further request that the Court direct T-Mobile to disclose to the government any information described in Attachment B that is within the possession, custody, or control of T-Mobile. I also request that the Court direct T-Mobile to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with T-Mobile's services, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

23. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

24. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

_____
DUSM Youngless, Jr.
Deputy U.S. Marshal
United States Marshals Service

5

January 31, 2023

Subscribed and sworn to before me on_____, 2023

_____
Kimberly A. Jolson
United States Magistrate Judge

United States District Court

SOUTHERN DISTRICT OF OHIO

In the Matter of the Search of the Cellular Telephone Assigned to
Telephone Number (614) 625-8988

CASE NUMBER: 2:23-mj-56

SEARCH AND SEIZURE WARRANT

To: USMS Deputy United States Marshal David A. Youngless, Jr. and any Authorized Officer of the United States

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Southern District of Indiana: See Attachment A

The person or property to be searched, described above, is believed to conceal: See Attachment B

I find that the affidavit establishes probable cause to receive and record cellular site location information and obtain E-911, Phase II precision location information for the cellular telephone and to use a digital analyzer device to track the movement of the cellular telephone within and outside of this district.

**YOU ARE HEREBY COMMANDED** to receive and record cellular site location information and E-911, Phase II precision location information for the cellular telephone described above and to use a cellular site simulator device to track the cellular telephone described above for a period of thirty (30) days starting within ten (10) calendar days of the date of this order, during any time of day and to return this warrant to the United States District Court Judge designated in this warrant within fourteen (14) calendar days after the execution of the warrant has ended.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to any criminal duty magistrate judge.

I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial) and, pursuant to 18 U.S.C. '3103a(b)(3), I authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized until the conclusion of this investigation or for period of 30 days, which may be extended upon good cause shown.

Date and Time issued: January 31, 2023  12:07 PM

Kimberly A. Jolson
United States Magistrate Judge

City and state: Columbus, OH

DUSM Youngless, Jr.
Deputy U.S. Marshal
United States Marshals Service

2

| RETURN CASE NUMBER | | |
|---|---|---|
| DATE WARRANT RECEIVED | DATE AND TIME WARRANT EXECUTED | COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT WITH |

INVENTORY MADE IN THE PRESENCE OF

INVENTORY OF PERSON OR PROPERTY TAKEN PURSUANT TO THE WARRANT

Precision location information ( ) was ( ) was not obtained for the cellular telephone

Precision location information was first obtained on _____ at _____ o'clock and acquisition of precision location information continued until _____ at _____ o'clock.

3

**CERTIFICATION**

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

_____

Subscribed, sworn to, and returned before me this date.

_____  _____
U.S. Judge or Magistrate                    Date

## ATTACHMENT A

1.  Information about the location of the TARGET MOBILE PHONE (currently being used by Robert PETTY) described below:

| Cellular Phone Number | Carrier | Address |
|---|---|---|
| (614) 625-8988 | T-MOBILE/SPRINT | 4 Sylvan Way, Parsippany, NJ, 07054 |

2.  Records and information associated with the TARGET MOBILE PHONE that is within the possession, custody, or control of T-MOBILE/SPRINT including information about the location of the cellular telephone if it is subsequently assigned a different call number.

## ATTACHMENT B

### Particular Things to be Seized

I. **Information to be Disclosed by the Provider**

All information about the location of the TARGET MOBILE PHONE described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the TARGET MOBILE PHONE" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

The contents of communications are NOT to be provided.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of **T-MOBILE/SPRINT**, **T-MOBILE/SPRINT** is required to disclose the Location Information to the government. In addition, **T-MOBILE/SPRINT** must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with **T-MOBILE/SPRINT**'s services, including by initiating a signal to determine the location of the TARGET MOBILE PHONE on **T-MOBILE/SPRINT**'s network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate **T-MOBILE/SPRINT** for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

II. **Information to Be Seized by the Government**

6

All information described above in Section I that will assist in arresting Robert PETTY, who was charged on 01/23/23 with violating 18 U.S.C. § 922(g)(1), is the subject of an arrest warrant issued on 01/23/23 and was also charged on 01/24/23 with violating 18 U.S.C. § 922(g)(1), and 924(a)(2), is the subject of an arrest warrant issued on 01/24/23and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

## Court Order

The Court has considered all of the information contained in the government's application for a search warrant, and the Court being fully apprised in the matter, hereby Orders the following:

a. **Execution of Warrant:** Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

b. **Order Sealing Warrant:** The Court orders that the search warrant application, the warrant, and all attachments are sealed until otherwise ordered by the Court.

c. **Order Barring Notification of Other Persons (Non-Disclosure Order):** The Court determines that there is reason to believe that notification of the existence of this warrant, its contents, and the information requested therein, will seriously jeopardize the ongoing investigation, including by giving subjects an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED that the Provider shall not disclose the existence of the warrant, its contents, and any information provided in response thereto, to the subscribers of the TARGET MOBILE PHONE, or to any other person, for

one year from the date of this Order, except that the Provider may disclose this warrant to an attorney for the Provider for the purpose of receiving legal advice.